Arriví, Plaintiff and Appellant, *v.* Rivera et al., Defendants and Appellees.

Appeal from the Second District Court of San Juan in an Action of Unlawful Detainer.—Memorandum of Costs.

No. 3410.—Decided January 30, 1925.

Unlawful Detainer—Jurisdiction—Costs. — A judgment dismissing the complaint in an action of unlawful detainer because of lack of jurisdiction is one within the unlawful detainer proceeding; and when the defendant files a memorandum of costs ten days after the date on which the judgment became final because no appeal was taken, the allowance of costs is improper for lack of jurisdiction.

The facts are stated in the opinion.

*Mr. M. García González* for the appellant.

*Mr. J. Valldejuli* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellee, victorious in the court below, presented a memorandum of costs which the court allowed in part and reduced in part. The appeal is from the order allowing costs and the appellant maintains that the court was without authority to award any costs, as the memorandum claiming them was filed too late. It is conceded that if the judgment is to be considered as one appropriate to and arising solely out of the action of unlawful detainer, then the claim was filed too late.

The appellant presented a complaint in the District Court of the Second District of San Juan. The appellee, by demurrer or otherwise, raised the point that the said court was without jurisdiction. The court so decided and the complainant did not appeal. The time for appealing, if the suit is to be considered as one in unlawful detainer, expired in five days and the defendant then would have been bound to file his claim within ten days thereafter. He waited much more than this period on the theory that the suit and the judgment thereon were to be governed not by the law of unlawful detainer, but by the general principles of the Code of Civil Procedure.

The argument is that the Unlawful Detainer Law makes no provision for an appeal from a judgment that declares the court without jurisdiction, but only applies to appeals ousting or refusing to oust the defendant. Section 11 of the Unlawful Detainer Act is however sufficiently explicit. It provides as follows:

"Sec. 11.—Appeals should be taken within a period of five days after the date of the judgment."

A complainant whose suit is improperly dismissed for lack of jurisdiction may appeal and if right ultimately recover his property. If judgment is refused on the merits,

he may do exactly the same thing. The idea of the law is rapidity of action. We feel bound to hold that any judgment that defeats the present right of ouster is a judgment within the unlawful detainer procedure and an appeal should be taken in five days. If not so taken the duty devolves on the opposite party to file his memorandum of costs within ten days thereafter, as required by Act No. 15 of November 19th, 1917. The memorandum was not so filed, and the court was without authority to award costs.

The order allowing costs must be

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.